UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CROCKETT,

        Plaintiff,

v.                                 Case No:   6:24-cv-1234-AGM-LHP

ORANGE COUNTY BOARD OF
COUNTY COMMISSIONERS,

        Defendant

---

**ORDER**

(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: PLAINTIFF'S MOTION FOR CM/ECF ACCESS (Doc. No. 40)**
>
> **FILED:** July 31, 2025
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Joshua Crockett, proceeding *pro se*, requests access to the Court's CM/ECF electronic docketing system. Doc. No. 40. Upon review, the motion is due to be denied for two reasons.

First, the motion fails to comply with the conferral requirements of Local Rule 3.01(g)(3). Second, "[w]hile an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted).

Here, Plaintiff makes no such showing. The basis for Plaintiff's request is that he suffers prejudice as a *pro se* litigant through "unnecessary delays and excessive costs" due to his living in Arizona, the mailing of his filings, and the loss of access to the Court's web portal, and that Defendants have engaged in various procedural violations. Doc. No. 40, at 1-4. With respect to the concerns regarding costs and delays, these concerns are common to all *pro se* litigants who file paper documents, and if these burdens were enough to justify CM/ECF access, the exception would swallow the rule. *See, e.g.*, *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, No. 24-10988, 2025 WL 2319399, at *6–7 (11th Cir. Aug. 12, 2025) (denial of CM/ECF access to plaintiff living overseas did not violate right of access to the courts because right of access is "neither absolute nor conditional"); *Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, No. 2:25-cv-345-JES-DNF, 2025 WL 3080533 (M.D.

Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to *pro se* litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access); *Sheets v. Pribble*, No. 2:24-cv-958-JES-KCD, 2025 WL 2106679, at *1 (M.D. Fla. July 28, 2025) (denying motion for CM/ECF access and explaining that discontinuation of the Court's web portal "does not constitute a legal barrier to participation" given that a litigant may still "file documents through the mail").   In addition, the Federal Rules of Civil Procedure already account for paper filings and add three (3) days to a party's deadline when service is made by mail.  *See* Fed. R. Civ. P. 6(d).   The concerns regarding Defendant's purported procedural violations can also be addressed either *sua sponte* by the Court or by the filing of an appropriate motion.

Accordingly, Plaintiff's motion (Doc. No. 40) is **DENIED**.  That said, "the Court in its discretion may grant *a pro se* party permission to receive electronic notifications."   *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023).   The Court finds it appropriate to exercise such discretion here.  *See id.*; *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).   Therefore, the **Clerk of Court** is **DIRECTED** to add Plaintiff's email address to CM/ECF,

officialcrockett@yahoo.com, and ensure that Plaintiff receive Notices of Electronic Filings.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties