**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CROCKETT,

        Plaintiff,

v.

        Case No:  6:24-cv-1234-AGM-LHP

ORANGE COUNTY BOARD OF
COUNTY COMMISSIONERS,

        Defendant

## ORDER

On July 11, 2024, Plaintiff Joshua Crockett, appearing *pro se*, filed a complaint against Defendant Orange County Board of County Commissioners related to Defendant's termination of Plaintiff's employment and other alleged adverse employment actions, to include the discriminatory and unequal application of Defendant's grooming and Covid-19 policies. Doc. No. 1. The second amended complaint is now the operative pleading, and Defendant's motion to dismiss remains pending. Doc. Nos. 86, 96, 106; *see also* Doc. Nos. 99, 109. Discovery in this action closed on March 2, 2026 (Doc. No. 24), and Plaintiff recently filed a renewed motion to extend this and other case management deadlines which is not yet ripe. Doc. No. 110.

Now before the Court are two motions filed by Plaintiff. The first is Plaintiff's Short-Form Discovery Motion and for Sanctions, through which he seeks to compel Defendant to provide more fulsome verified responses to 21 interrogatories. Doc. No. 87. Defendant responded in opposition (Doc. No. 91), and the Court ordered supplemental briefing from both sides. Doc. No. 95. The Court also directed Plaintiff to address whether Defendant served verified supplemental answers after Plaintiff filed his motion (as Defendant represented in its response), and further directed Plaintiff to "identify, with reference to the specific interrogatory and with legal authority in support, the issues that remain outstanding" following service of the verified supplemental answers. *Id.* at 1-2. Both parties have timely filed their supplemental briefs. Doc. Nos. 98, 103.

The second motion is Plaintiff's Verified Motion for Terminating Sanctions Due to Cumulative Procedural Obstruction and Discovery Fraud. Doc. No. 93. In short, Plaintiff contends that Defendant has engaged in willful discovery fraud, repeatedly defied Court orders, and engaged in a "cumulative pattern of contumacious conduct" such that sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) are warranted. *Id.* In particular, Plaintiff seeks the entry of default judgment, or in the alternative, deeming as admitted all of Plaintiff's Requests for Admission, an adverse inference instruction at trial, and an order preemptively striking Defendant's answer and affirmative defenses related to Defendant's

grooming policy (assuming an answer is ordered to be filed).   *Id.*   Defendant has filed a response opposing Plaintiff's motion in its entirety.   Doc. No. 105.   Both motions are therefore ripe for consideration.

## I.      PLAINTIFF'S MOTION TO COMPEL (Doc. No. 87).

Under the Federal Rules of Civil Procedure, discovery is permitted to obtain "any nonprivileged matter that is relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result."   *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Federal Rule of Civil Procedure 33 allows for service of written interrogatories concerning matters within the broad scope of Rule 26(b), and parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or of any other party[.]"   *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947).   The party seeking discovery must demonstrate the relevance of the discovery requests, *see Zamperla, Inc. v. I.E. Park SrL*, No. 6:13-cv-1807-Orl-37KRS, 2014 WL 11332269, at *2 (M.D. Fla. Oct. 23, 2014), while the resisting party

must show that the discovery is improper, unreasonable, or burdensome. *See Oliver*, 2007 WL 3232227, at \*2. And resolution of a motion to compel discovery is within the trial court's sound discretion. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984).

As an initial matter, Plaintiff raised several arguments in his motion (Doc. No. 87, at 1-2) that appear to have now been resolved based on the statements in Plaintiff's supplemental brief. Doc. No. 98. First, the argument that verified answers had not been provided has been resolved, although Plaintiff still challenges the substance of those answers. *See* Doc. No. 98, at 1, 3. Second, Plaintiff's arguments regarding "legal error (time-barred),"and "indefinite deferral," appear to have been resolved, as Plaintiff does not address them further in his supplemental brief. *See* generally Doc. No. 98; *see also* Doc. No. 95. This leaves Plaintiff's challenges to Defendant's objections and answers to Interrogatories 1, 3, 6, 9, 11-12, 14, 17, 19-20, 22 and 24 (on the basis of boilerplate objections); 13, 22-23 (on the basis of no privilege log); and 2, 7, 14, 17 (on the basis of failure to perform a reasonable inquiry). Doc. No. 87, at 1-2. The Court address each challenge in turn.

A review of the interrogatories at issue shows that Defendant's objections are not boilerplate; Defendant makes the objections of "vague and ambiguous," "asks for legal conclusions," or "overbreadth" and then provides an explanation as to the

- 4 -

basis for the objection.   *See* Doc. No. 87-1.   This is exactly what the Federal Rules of Civil Procedure require, and therefore Plaintiff's motion to compel (Doc. No. 89, at 1; Doc. No. 98, at 12) will be denied on this basis.   *See, e.g.*, *Morgan v. Standard Fire Ins. Co.*, No. 0:23-cv-61609, 2024 WL 3360403, at *2 (S.D. Fla. May 31, 2024) (finding objections were not boilerplate where defendant explained why the objection applied); *cf. Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015) (overruling objections as boilerplate that merely stated "vague and ambiguous," "overly broad," or "not reasonably calculated to lead to the discovery of admissible evidence," without elaborating on the objections).

Next, Plaintiff challenges Interrogatories 13, 22-23 on the basis that Defendant failed to provide a privilege log.   Doc. No. 87, at 2.   In his supplemental filing, Plaintiff no longer challenges Defendant's answer to Interrogatory 13 on this basis, therefore the Court finds this argument waived.   *See* Doc. No. 98, at 11. Interrogatory 22 requests Defendant state all facts supporting its contention that Plaintiff's protected activities did not motivate or cause any adverse actions, identify "who knew what, and when" for each adverse action, and provide a chronology of same.   Doc. No. 87-1, at 17.   Interrogatory 23 requests Defendant identify all persons involved in the decision to publicly file a "plague doctor mask" photograph of Plaintiff and a related affidavit in July 2023, along with the purpose

and necessity of making the filing, a description of the "consideration of reputational harm or retaliatory impact," and all related communications and documents.  *Id.* at 18.

In response to both Interrogatories, Defendant objected insofar as they sought a legal analysis and/or information protected by the attorney client and work product privilege, and as to Interrogatory 23, Defendant further objected that it was asking about a filing in a state agency proceeding by Defendant's outside counsel and the legal strategy for filing same.   Doc. No. 87-1, at 17-18; Doc. No. 98-1, at 29-30.   Plaintiff argues, without any legal authority in support, that these objections must be overruled because "[t]he purpose and necessity of a public filing . . . is not privileged" and that Defendant waived the privilege by not producing a privilege log.   Doc. No. 98, at 13.   Defendant also fails to cite to any legal authority on this issue in its supplemental brief, and incorrectly asserts that Plaintiff has waived his challenge to Interrogatory 22.   *See* Doc. No. 103, at 14.

Upon review, the Court will deny Plaintiff's motion as it pertains to Interrogatories 22 and 23.   Putting aside the question of privilege, as Defendant states in its objections (Doc. No. 87-1, at 17-18; Doc. No. 98-1, at 29), Interrogatory 22 is, at bottom, a contention interrogatory, which is generally disfavored, and Plaintiff does not connect this contention to any specific document or pleading, rendering it in essence a broad request for Defendant to prove its case, which is not

- 6 -

an appropriate interrogatory request.[1]   *See Koster v. Landmark Am. Ins. Co.*, No. 5:14-cv-689-Oc-37PRL, 2016 WL 3014605, at \*4 (M.D. Fla. May 20, 2016) (denying motion to compel response to interrogatory that broadly sought a detailed narrative of the opposing parties' case); *Freedman v. Lincoln Nat. Life Ins. Co.*, No. 3:05-cv-81-J-12HTS, 2005 WL 2850307, at \*2 (M.D. Fla. Oct. 31, 2005) (denying a motion to compel responses to broad contention interrogatories, except for two which dealt with specific defenses). *See also* Middle District Discovery (2021) § (IV)(C)(2) (contention interrogatories "should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions.   Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.").

As for Interrogatory 23, Plaintiff is asking for the rationale and/or strategy behind why Defendant made a specific filing in a state administrative proceeding. Given Defendant's explanation that the filing was drafted and made by outside counsel, it is clear that this Interrogatory seeks the mental impressions and thought

---

[1] In fact, Plaintiff provides no argument on this point beyond simply stating that contention interrogatories are permitted under Fed. R. Civ. P. 33(a)(2).   Doc. No. 98, at 11-12.

processes of counsel, would relate to communications between Defendant and its counsel, and was also made in anticipation of litigation given that the administrative process was the precursor to the present lawsuit.   *See* Doc. No. 103, at 14.   *See also Heffron v. Citrus HMA, LLC*, No. 5:13-cv-453-Oc-22PRL, 2014 WL 1378815, at *3 (M.D. Fla. Apr. 8, 2014) (noting that "counsel's thought-process is protected by either attorney client, or work product privilege"); Fed. R. Civ. P. 26(b)(3)(A).   And other than saying a public filing itself is not privileged, Plaintiff provides no argument or legal authority to the contrary.   Doc. No. 98, at 13. Moreover, Defendant explains that no other documents exist, thus there is no privilege log to produce.   *See, e.g., Colony Ins. Co. v. Al & Sons, Corp.*, No. 3:14-cv-1051-WHA-TFM, 2015 WL 12829621, at *3 (M.D. Ala. Oct. 7, 2015) (denying motion to compel that sought information related to the "decision-making process and rationale" in certain settlement proceedings because "[t]he majority of the information sought is clearly based on Colony's decision-making in anticipation of litigation or during the mediation conference, and its [legal] strategy; and thus, is protected under attorney-client-privilege, [or] the work-product doctrine, . . . .").

This leaves Plaintiff's challenges to Interrogatories 2, 7, 14, 17 on the basis that Defendant failed to make a reasonable inquiry.   Doc. No. 87, at 2.   Interrogatory 2 seeks the identity of all persons who were involved in the drafting, reviewing, approving, and implementing of Defendant's "Covid-19 related policies (including

enforcement) applicable to OCCC Security Division employees. . . ."   Doc. No. 87-1, at 3.   Defendant responded that there were multiple Orange County departments involved in these county-wide policies, that the OCCC Security Division administration would have played a role in implementing the policy as it pertains to the Security Division but did not draft any specific policies itself, and that Defendant would continue to gather and provide additional information once received.   *Id.* at 3-4; Doc. No. 98-1, at 4.   Plaintiff takes issue with this answer, specifically the refusal to name any specific individuals, and the claim that no list was kept.   Doc. No. 98, at 9.   Defendant stands on its objections in its supplemental response.   Doc. No. 103, at 7.

Upon consideration, the Court finds Plaintiff has the better argument. Defendant does not explain why it cannot provide a list of names in response to this interrogatory, particularly given Defendant's representation that it would continue to gather information.   Moreover, Defendant did not object on the basis of overbreadth (Doc. No. 87-1, at 3-4), and therefore any belated attempt to raise the objection in its supplemental briefing is not well-taken.   *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2024 WL 5202797, at *6 (M.D. Fla. Dec. 23, 2024) (finding objections not

raised in response to discovery requests to be waived) (collecting cases).  *See also* Middle District Discovery (2021) at IV.C.6. ("If any interrogatory is objectionable because of overbreadth, the responding party, although objecting, must answer the interrogatory to the extent that the interrogatory is not overbroad. In other words, an objection for overbreadth does not relieve the duty to respond to an extent that is not overbroad, while a party awaits a judicial determination regarding the objection.").   That said, the Court will direct Defendant to respond to this Interrogatory, but will limit it to the time period March 1, 2020 through March 9, 2023, and will limit it to the persons who drafted, reviewed, approved, and implemented the Covid-19 policies that are alleged in Plaintiff's second amended complaint (Doc. No. 86).  *See LaCombe v. Walt Disney Parks & Resorts U.S. Inc.*, No. 6:19-cv-835-Orl-40LRH, 2019 WL 13248733, at *4, n. 5 (M.D. Fla. Nov. 1, 2019) ("The Court may limit discovery *sua sponte* or by motion when the discovery sought is outside the scope permitted by Rule 26(b)(1).") (quoting Fed. R. Civ. P. 26(b)(2)(C)).

Interrogatory 7 seeks the identity of all Orange County employees who were reassigned or segregated due to disability accommodations for the time period November 1, 2020 through March 9, 2023.   Doc. No. 87-1, at 6-7.   Defendant objected on the basis of vague, ambiguous, and overbreadth, and that none of Defendant's 8,000 employees would be comparators outside of Plaintiff's

department. *Id.*, at 7; Doc. No. 98-1, at 12. Defendant does not expand on these objections in its supplemental briefing. Doc. No. 103, at 8.

Upon review, the Court disagrees with Defendant. Interrogatory 7 is not vague and ambiguous, it asks for the identities of employees who were subjected to very specific employment actions based on very specific reasons, for a narrow time period. And to the extent it is overbroad in that it is not limited to a specific Orange County Department, Defendant had an obligation to reasonably narrow the response, which it did not. *See* Middle District Discovery (2021) at IV.C.6. On the other hand, Plaintiff makes no attempt to narrow this Interrogatory, nor provide any explanation as to why it would require information on all employees county-wide. Accordingly, the Court will direct Defendant to respond to Interrogatory 7, but limited to employees who worked in the OCCC Security Division for the time period specified. *See Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990) (in the context of an employment discrimination case, recognizing "the most natural focus is upon the source of the complained of discrimination-the employing unit or work unit") (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

Interrogatory 14 asks for all complaints, grievances, OPS/HR records, or investigations from 2019 to the present involving claims of harassment or discrimination for four named individuals, as well as "any Console Operator

- 11 -

named by Plaintiff." Doc. No. 87-1, at 12. Although Defendant initially objected (*see id.*), in its supplemental answers, Defendant provided information related to formal complaints filed against Charles Young, Isiah White, Jr., Daniel Brady, and Robert Estevez, from 2019 to the present. Doc. No. 98-1, at 19-20. Plaintiff takes issue with Defendant's answer that no such complaints exist as to Robert Estevez, stating that Plaintiff himself filed a complaint against Mr. Estevez. Doc. No. 98, at 11. In its supplemental briefing, Defendant states that "the Response is what the records show," and Defendant will continue to supplement as required. Doc. No. 103, at 12.

Defendant's response is unclear – it is not a denial that Plaintiff filed a complaint – and the Court will not further interpret this response. Accordingly, the Court will grant Plaintiff's motion as to Interrogatory 14, but only to the extent that Defendant will be ordered to conduct an additional investigation as to any complaints filed as to Robert Estevez and provide a supplemental response.

Interrogatory 17 asks for all leadership and cross-training opportunities offered to Security Division personnel between 2019 and 2023, along with related information as to who was selected for each opportunity, the metrics used for the selection, and whether Plaintiff was notified or considered. Doc. No. 87-1, at 14. Defendant objected that the interrogatory is vague and ambiguous, overbroad, and that there is no tracked list of every time an employee was given an extra task. *Id.*

*see also* Doc. No. 98-1, at 24.    Plaintiff argues that Defendant would have kept track of "acting roles" and "lock shop assignments" given that they carry pay differentials or shift changes that would be documented in personnel and payroll records.    Doc. No. 98, at 11.    Beyond this statement, Plaintiff provides no further explanation.

The Court agrees with Defendant as to Interrogatory 17.    The Court cannot ascertain from this interrogatory or from Plaintiff's supplemental filing exactly what he is asking about.    The terms "leadership and cross-training opportunities" "acting roles" and "lock shop assignments" are nowhere defined, nor does Plaintiff explain how these undefined terms could be located in any of Defendant's records. Accordingly, Defendant's objections as to Interrogatory 17 are sustained and Plaintiff's motion will be denied in this regard.

In his supplemental briefing, Plaintiff also raises for the first time several additional challenges to Defendant's interrogatory answers.    While the Court did not authorize Plaintiff to raise new arguments (*see* Doc. No. 95), the Court recognizes that these arguments address Defendant's supplemental interrogatory answers, which Plaintiff did not receive until after he filed his motion, and Defendant does not object to Plaintiff thereafter raising these issues.    *See* Doc. No. 103.    Thus, the Court will also address these additional arguments.

Plaintiff first argues that Defendant's answers to Interrogatories 9 and 19 constitute a "flagrant disregard" for the truth because Isiah White, Jr., verified

- 13 -

Defendant's interrogatory responses, some of which covered time periods where he did not work for Defendant, and therefore he could not possibly have personal knowledge.   Doc. No. 98, at 3-4.   However, as Defendant correctly notes in response, Isiah White, Jr., verified the interrogatory responses in his role as designated officer on behalf of Defendant, and under those circumstances, "[i]t is well established that a person who verifies an interrogatory answer need not have any personal knowledge of the facts submitted."   *See Jiminez-Carillo v. Autopart Int'l, Inc.*, 285 F.R.D. 668, 669 (S.D. Fla. 2012).   *See also Lincoln Rock, LLC v. City of Tampa*, No. 8:15-cv-1374-T-30JSS, 2016 WL 6138653, at *14 (M.D. Fla. Oct. 21, 2016) ("Rule 33(b)(1)(B) requires the officer or agent of a governmental agency to furnish the information available to the party.   When answering an interrogatory, the answering party cannot limit his answers to matters solely within his personal knowledge and ignore information immediately available to him or under his control and, the answering party is required to give the information known to him personally, or through his attorney, investigators, or other agents or representative employed by him.") (citations and quotations omitted); *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-10GRJ, 2009 WL 10670380, at *1 (M.D. Fla. June 17, 2009) (Rule 33(b)(1)(B) "expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by

- 14 -

furnishing such information as is available to the party.").   The Court therefore finds Plaintiff's argument unpersuasive.

In addition, Plaintiff argues that Defendant's answers to Interrogatories 1, 5-6, 9-10, 14, 19, 21, and 25 are false, a "fraud upon the Court," and/or Plaintiff disagrees with or does not believe Defendant's answers.   *See* Doc. No. 98, at 3-6, 9-10, 11, 13, 25.   However, Plaintiff "has the burden of proving that a discovery response is inadequate," and his belief, "in the absence of evidence is not sufficient to meet his burden to compel a better answer to the interrogatory."   *Weaver v. Mateer & Harbert, P.A.*, 277 F.R.D. 655, 657, 659 (M.D. Fla. 2011).   *See also Profit v. Rabon*, No. 1:19-cv-129-MW-GRJ, 2020 WL 13841123, at *1 (N.D. Fla. June 9, 2020) ("The Court will not compel Defendant Garner to revise her discovery responses because Plaintiff does not believe her answer."); *Spigot, Inc. v. Hoggatt*, No. 2:18-cv-764-FtM-29UAM, 2019 WL 13246941, at *2 (M.D. Fla. July 1, 2019) (denying motion to compel better answer to interrogatory where plaintiffs argued defendants lied based on a perceived discrepancy in defendants' answer, but provided no evidence to support that contention).   *See also* Doc. No. 103, at 6, 8-10, 13-15.[2]

---

[2] Plaintiff has attached to his supplemental filing several emails, an affidavit from Mayor Jerry Demming, and excerpts from what appear to be transcripts from a prior state administrative proceeding.   Doc. No. 98-2 through 98-13.   Plaintiff contends that these attachments demonstrate Defendant is lying in its interrogatory answers.   But the Court does not read these attachments as such, rather as Defendant explains, these attachments do not directly contradict Defendant's answers; rather they are open to interpretation and are provided in a vacuum.   Accordingly, the Court does not find these attachments to

With respect to Interrogatory 3, which requests a description of Defendant's process for handing Plaintiff's religious accommodation request to forgo Covid-19 testing and vaccination (Doc. No. 87-1, at 4), Plaintiff takes issue with Defendant's objection to the phrase "any burden analysis" as vague and ambiguous.   Doc. No. 98, at 9.   But Defendant made the objection and then provided a fulsome answer, (Doc. No. 87-1, at 4-5; Doc. No. 98-1, at 5-6), about which Plaintiff otherwise raises no argument beyond again accusing Defendant of lying.   The Court therefore finds Plaintiff's argument unpersuasive.

Interrogatory 4 seeks the identity of all OCCC employees who sought religious accommodations related to Covid-19 vaccination or testing from 2021 to 2023, along with "conditions imposed, related disciplines, and how their treatment compares to Plaintiff's."   Doc. No. 87-1, at 5.   Defendant provided an answer disclosing that 13 employees at the Orange County Convention Center requested a religious exemption, the result of the request, and whether they were disciplined, along with an explanation of what happened to Plaintiff.   Doc. No. 98-1, at 6-7. Plaintiff argues that Defendant failed to provide the "conditions imposed" or

---

constitute evidence sufficient to grant Plaintiff's motion to compel.   Moreover, the Court notes that Plaintiff could have clarified these alleged discrepancies via depositions during the nearly 15-month discovery period.

- 16 -

"related disciplines," and also takes issue with Defendant's refusal to give the names of these individuals to Plaintiff.   Doc. No. 98, at 9.

Upon review, the Court agrees with Defendant that a complete answer has been provided, other than the names of the 13 individuals, therefore this portion of Plaintiff's motion is due to be denied.   Doc. No. 103, at 7-8.   However, the Court disagrees with Defendant as to why the names were not provided.   First, Defendant never raised a privacy concern in its objections and cannot do so now, does not provide any legal authority to support this objection in any event, and any privacy issues can be addressed via a confidentiality agreement.   *See Orlando Health*, 2024 WL 5202797, at * 6.   Second, Defendant states, again without any legal authority in support, that these 13 unnamed employees are "patently not comparators," and therefore Plaintiff is not entitled to discover their names.   Doc. No. 103, at 7-8.   But Plaintiff never raised any relevancy argument in its answers or supplemental answers (Doc. No. 87-1, at 5; Doc. No. 98-1, at 6-7), and it seems contradictory that Defendant would agree that Plaintiff is entitled to all information about these individuals *but* their names on the basis that they are not comparators. Rather, the relevancy of this information seems apparent on its face, and in the absence of any legally supported argument on the subject, the Court finds Plaintiff's motion well taken in this regard and will compel Defendant to provide these individual's names to Plaintiff.   *See, e.g., Fluker v. Allied Auto. Grp.*, No. 3:06-cv-

1105-J-32JRK, 2009 WL 10670759, at \*6 (M.D. Fla. Jan. 15, 2009) (allowing plaintiff to obtain discovery on potential comparators but declining to limit the request to defendant's determination of who was similarly situated and who was not).

Plaintiff also takes issue with Defendant's objections to Interrogatories 11 and 18 on the basis that they are overbroad contention interrogatories.   Doc. No. 98, at 10-12; *see also* Doc. No. 87-1, at 9-10, 14-15; Doc. No. 98-1, at 15-16, 25-26.   A review of these interrogatories demonstrates that they are on their face patently overbroad and essentially ask Defendant to explain their theories of the case and their defenses, before any responsive pleading has been filed, and without reference to any document that contains these contentions.   And again, Plaintiff provides no explanation as to how answers to these interrogatories would be used to identify and narrow the scope of unclear claims, defenses, or contentions in this case.   *See Koster*, 2016 WL 3014605, at \*4; *Freedman*, 2005 WL 2850307, at \*2; Middle District Discovery (2021) § IV.C.2.

The Court is also not persuaded by Plaintiff's complaints as to Interrogatory 12; the phrase "commented on Plaintiff's hair, heritage, religious, masculinity, or any other characteristic" is not otherwise qualified and therefore is vague and ambiguous.   Doc. No. 98, at 10; Doc. No. 87-1, at 10-11; Doc. No. 98-1, at 16-17.   In any event, Defendant provided a fulsome answer to this interrogatory, which Plaintiff does not otherwise take issue with.   Doc. No. 98-1, at 16-17.

Plaintiff's challenge to Interrogatory 13 is not well taken.    Doc. No. 98, at 11. As set forth in the supplemental answer, this interrogatory was narrowed pursuant to the good faith conferral between the parties to any formal complaints filed by Plaintiff.    Doc. No. 98-1, at 17-18.    Plaintiff does not address or refute Defendant's reliance on their good faith conferral, and in the absence of any argument to the contrary, the Court will not permit Plaintiff to go back on the parties' prior agreement.    Doc. No. 98, at 11.[3]

The Court also agrees with Defendant that Interrogatory 20 contains vague and ambiguous terms and comingles multiple different allegations and events without explanation.    Doc. No. 98-1, at 27-28.    That said, the Court does find that a narrowing of the interrogatory is appropriate based on Plaintiff's supplemental briefing.    Doc. No. 98, at 12.    Accordingly, Defendant will be required to provide the identities of all persons who were involved in the decision to strip Plaintiff of his badge and/or radio, in the decision to send Plaintiff for a fitness for duty examination, in the decision to issue a warning/reprimand in March 2023, and in

---

[3] The Court notes Defendant's representations in its supplemental filing that Plaintiff's position on this issue has been inconsistent and contradictory.    Doc. No. 103, at 11-12.    The Court, however, focuses on the fact that Plaintiff had an opportunity to explore this issue in his supplemental briefing, but chose not to, instead just baldly claiming Defendant cannot narrow its response.

the decision to terminate Plaintiff's employment.   In all other respects, Plaintiff's motion will be denied as to this interrogatory.[4]

Plaintiff makes several other arguments that are unpersuasive and merit little discussion.   As to Interrogatory 24, Plaintiff appears to be complaining about Defendant's objections, but does not explain the basis of the complaints, other than baldly stating that Defendant is acting in bad faith.   Doc. No. 98, at 13.   And throughout his supplemental response, Plaintiff accuses Defendant of submitting a "sham affidavit" from Mayor Jerry Demings, engaging in a "discovery squeeze," by purportedly delaying discovery, accuses both Isiah White, Jr., and Mayor Demings of committing perjury, and accuses Defendant's attorney of acting in bad faith and submitting false interrogatory responses.   *See generally* Doc. No. 98. These arguments are either irrelevant to the resolution of Plaintiff's motion to compel, or have already been addressed in this Order.

Finally, Plaintiff seeks sanctions under Federal Rule 26(g)(3), and requests that the Court enter default judgment as to liability in Plaintiff's favor, strike all affirmative defenses, refer Mayor Demmings and Isiah White, Jr., for investigation for committing perjury, and refer Defendant's attorney for "subornation."   Doc.

---

[4] Plaintiff also appears to take issue with Defendant's answer to Interrogatory 21 based on Defendant's objections to Interrogatory 20.   Doc. No. 98, at 13.   Given the Court's ruling as to Interrogatory 20, the Court finds any argument as to Interrogatory 21 to be unpersuasive and/or moot.

No. 98, at 14-15.   Plaintiff does not provide any legal authority suggesting that the sanctions he seeks are available under Rule 26(g)(3).   Rather, at the motion to compel stage, the sanctions that are available are set forth in Federal Rule of Civil Procedure 37(a)(5), which is limited to an award of attorneys' fees.   Fed. R. Civ. P. 37(a)(5).   Not only are the requested sanctions not available under Rule 37(a)(5), but given that the Court is granting in part and denying in part the present motion, the Court further finds that any monetary sanctions (to the extent that a *pro se* party would be entitled to attorneys' fees) is not warranted.   *See* Fed. R. Civ. P. 37(a)(5)(C).

## II.    PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS (Doc. No. 93).

Plaintiff has also moved for "terminating sanctions" under Federal Rule of Civil Procedure 37(b)(2)(A), which applies when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A).   However, while Plaintiff details a litany of perceived violations and misconduct, his motion is crucially missing any reference to any discovery order compelling Defendant to provide or permit discovery under Rules 26, 35, or 37, that Defendant failed to obey.   Doc. No. 93.   Rather, Plaintiff appears to be using this motion to once again take issue with Defendant's responses to Plaintiff's discovery requests, and to accuse Defendant of engaging in discovery delays.   But this is not a basis for sanctions under Rule 37(b)(2)(A), and for that

reason, Plaintiff's motion (Doc. No. 93) will be denied.  *See State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-DAB, 2013 WL 12214330, at *2 (M.D. Fla. July 8, 2013) (noting that a court can impose discovery sanctions under Fed. R. Civ. P. 37(b)(2), including default "when the party fails to obey an order to provide or permit discovery.").

## III.   CONCLUSION.

For the reasons set forth above, it is hereby **ORDERED** as follows:

1.      Plaintiff's Short-Form Discovery Motion and for Sanctions (Doc. No. 87) is **GRANTED IN PART AND DENIED IN PART** as follows:

a.      Within **fourteen (14) days** from the date of this Order, Defendant shall serve on Plaintiff supplemental verified answers to the following Interrogatories

- Interrogatory 2:  Defendant shall identify by name and job title all individuals who drafted, reviewed, approved, and implemented the Covid-19 policies that are alleged in Plaintiff's second amended complaint (Doc. No. 86), for the time period March 1, 2020 through March 9, 2023.

- Interrogatory 4:  Defendant shall provide the names and job titles of the 13 individuals identified in the supplemental response to this interrogatory (Doc. No. 98-1, at 6-7).

- 22 -

- Interrogatory 7: Defendant shall respond to this interrogatory, but limited to all employees who worked in the OCCC Security Division for the time period November 1, 2020 through March 9, 2023.

- Interrogatory 14: Defendant shall conduct an additional investigation as to any complaints filed as to Robert Estevez and provide a supplemental response.

- Interrogatory 20: Defendant shall identify by name and job title all persons who were involved in the decision to strip Plaintiff of his badge and/or radio, in the decision to send Plaintiff for a fitness for duty examination, in the decision to issue a warning/reprimand in March 2023, and in the decision to terminate Plaintiff's employment.

2. In all other respects, Plaintiff's motion (Doc. No. 87) is **DENIED.** Given that discovery is now closed, the deadlines set forth in this Order will not be extended absent a showing of exigent circumstances. Failure to comply with this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 37(b)(2).

3. Plaintiff's Verified Motion for Terminating Sanctions Due to Cumulative Procedural Obstruction and Discovery Fraud (Doc. No. 93) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties